THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:04-cr-92 (1) |
| v. | : | |
| ROBERT LEE WILLIAMS, | | Judge Walter H. Rice |
| Defendant. | : | |

---

ORDER OVERRULING MOTION FOR COMPASSIONATE RELEASE (DOC. #72) OF DEFENDANT ROBERT LEE WILLIAMS

---

Before the Court is the Motion for Compassionate Release of Defendant Robert Lee Williams. (Doc. #72). For the reasons set forth below, the Motion is OVERRULED.

I.  **Factual Background and Procedural History**

In November 2004, the Lucas County, Ohio, Court of Common Pleas sentenced Defendant to sixteen years imprisonment in connection with a series of robberies in 2003. That state court sentence was to run consecutively to any sentence imposed by this Court for convictions relating to a robbery of a Provident Bank in Montgomery County, Ohio, in May 2004. (Memo. in Opp., Doc. #74, PAGEID 322; Motion for Judicial Release, Doc. #74-1, PAGEID 336). On March 3, 2005, Defendant was sentenced in this Court to 123 months imprisonment after pleading guilty to three counts from the Indictment of: (1) conspiracy to commit armed bank robbery; (2) armed bank robbery; and (3) use of a firearm during a

crime of violence. (Judgment, Doc. #52, citing 18 U.S.C. §§ 371, 924(c)(1)(A)(ii), 2113 (a, d); Indictment, Doc. #14). Defendant was released from the Lake Erie (Ohio) Correctional Institution on October 24, 2020[1], and was subsequently transferred to federal custody to begin serving his federal sentence. Defendant is sixty-four years old with a present release date of February 29, 2028.[2]

Defendant filed a request to his Warden seeking compassionate release due to the COVID-19 pandemic. The Warden denied that request on June 11, 2021. (Inmate Request Denial, Doc. #72-7, PAGEID 315). Defendant filed the Motion under 18 U.S.C. §3582(c)(1)(A), *as amended by the* Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194, on November 23, 2021. Therein, Defendant argues that his "chronic cardiac issues, obesity, [and] age" make him particularly vulnerable to contracting and becoming seriously ill from the Delta variant of COVID-19 which, unlike earlier strains, poses significant threats even to vaccinated individuals such as himself. (Doc. #72, PAGEID 292-94, 296). Further, Williams expresses his need to help his wife with cancer treatments, which have been complicated by her diabetes and heart disease. (*Id.* at PAGEID 299). Taken together, Williams asserts, he and his wife have at least one "serious physical or medical condition," each of which constitutes an "extraordinary and compelling reason" for him to be released. (*Id.* at PAGEID 300-01, citing U.S.S.G.

---

[1] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A506758 (last accessed Jul. 8, 2024).

[2] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jul. 8, 2024).

2

§1B1.13(b)(1)(B)(1), (b)(3)(B) (noting that compassionate release may be appropriate when a family member has a serious medical condition and a defendant is the only person able to care for him or her).

Further, Defendant argues that the 18 U.S.C. § 3553(a) factors weigh heavily in favor of release. Defendant argues that he provided substantial assistance to the Plaintiff United States of America ("the Government") upon his arrest and has accepted full responsibility for his actions; yet, he remains incarcerated while his co-defendant, Korri Green, who did not provide assistance, has been released after having been incarcerated for only sixteen years. (Doc. #72, PAGEID 301-02; *see also* Gov't Motion Regarding Subst. Assistance, Doc. #37, *as modified by* Motion to Amend, Doc. #42). Defendant asserts that his having served seventeen years (at date of filing) of his combined twenty-four year sentence is "sufficient but not greater than necessary" to account for the admittedly serious nature of his crimes. (*Id*. at PAGEID 302-03, quoting 18 U.S.C. § 3553(a); collecting cases).

In its memorandum *contra*, the Government notes that the United States Court of Appeals for the Sixth Circuit and district courts within the Circuit have consistently held that threat of contracting COVID or the existence of an infirm spouse, by itself, is rarely sufficient to be an extraordinary and compelling reason supporting release. (Doc. #74, PAGEID 326, citing *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *United States v. Brewer*, Case No. 11-20537, 2022 WL 1125797, at *2 (E.D. Mich. Apr. 15, 2022)). With respect to the Delta

3

variant, the Government also notes that effective booster shots have become available and to which Defendant has access; further, there were no confirmed cases of COVID-19 on the date of filing at Federal Correctional Institution Hazelton. (*Id*. at PAGEID 326-28, quoting *Lemons*, 15 F.4th at 751 (availability of vaccine means that increased susceptibility to COVID can no longer by itself be an extraordinary and compelling reason for release); *accord*: *United States v. Bass*, 17 F.4th 629, 641-42 (6th Cir. 2021) (courts should consider current COVID conditions in the prison in deciding whether a defendant has met the extraordinary and compelling reason element). The Government also points out that courts have repeatedly rejected the premise that an infirm spouse is, by itself, sufficient cause to grant compassionate release, especially where, as here, Defendant's spouse works full-time and is the primary caretaker for another family member. (*Id*. at PAGEID 328-29 (citing *United States v. Cruz-Hernandez*, No. 09-CR-3072 MV, 2022 WL 3577082, *7 (D.N.M. Aug. 19, 2022); Letter to Court, Doc. #72-5, PAGEID 313, ¶ 11). Thus, the Government asserts, there is no extraordinary and compelling reason supporting release, and the Motion should be overruled for this reason alone.

The Government further argues that the 18 U.S.C. § 3553(a) factors weigh strongly against release. It notes that there is no dispute that Defendant participated in robbing Provident Bank, and that his co-defendant brandished a firearm during that robbery. (Doc. #74, PAGEID 330, citing Plea Agmt., Doc. #27, PAGEID 85). Moreover, the Government asserts, Defendant's sixteen-year Ohio

4

state prison sentence should not factor into the Court's consideration, as the robberies for which he was sentenced there were distinct from those for which he was convicted in this Court. (*Id.*). Also, Defendant had a significant violent criminal history prior to the 2004-05 robbery convictions. (*Id.*). While Defendant's age is usually associated with a lesser chance of recidivism, the Government argues that that mitigating factor is insufficient to outweigh the other 18 U.S.C. § 3553(a) factors, which "still require a lengthy term of imprisonment upon this [D]efendant." (*Id.* at PAGEID 330-31).

In his Reply, Defendant reiterates that his "arguments are based on COVID-19 *and* the recognized risk factors that make him more susceptible to a severe and perhaps fatal outcome from this virus." (Doc. #75, PAGEID 347) (emphasis in original). Further, that Defendant is vaccinated does not eliminate the severe risk, as by mid-2022, the majority of people dying from COVID-19 had been vaccinated or boosted, and one staff member at FCI Hazelton was positive for COVID on the date of filing. (*Id.* at PAGEID 348-49). Thus, Defendant asserts, current and potential future waves of the virus, coupled with Defendant's severe health issues, constitute a compelling reason supporting release. (*Id.* at PAGEID 349-50). Defendant also again emphasizes the substantial assistance he provided the Government, the lesser sentences imposed upon Green, and that numerous courts have granted compassionate release to violent career offenders. (*Id.* at PAGEID 350-53 (collecting cases)). Finally, Defendant argues that his age and model behavior as an inmate means he will not be a danger to the community upon

5

release. Thus, he claims, the 18 U.S.C. § 3553(a) factors also weigh in favor of release. (*Id.* at PAGEID 353-54).

The matter is ripe for decision.

## II. Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a reduction . . . and (3) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (numeration added). A defendant who does not (a) submit the request to their warden to move for compassionate relief on their behalf and (b) wait either for the warden to deny the request or for the warden not to respond within thirty days may not file a compassionate release motion in this Court. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, courts must enforce by dismissing the motion).

6

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

### III. Analysis

The Court need not examine whether Defendant's health issues make him uniquely vulnerable to contracting and suffering severe complications from COVID-19, because the 18 U.S.C. § 3553(a) factors foreclose compassionate release. The Court commends Defendant for his hard work in bettering his life and comporting himself properly while in state and federal custody, and agrees with Defendant that his age makes him less of a risk for recidivism. (Doc. #75, PAGEID 353). However, the other factors weigh against release. Defendant's criminal history, 18 U.S.C. § 3553(a)(1), weighs against compassionate release. The robbery for which Defendant was convicted in this Court was the latest in a lengthy history of violent criminal activity. (*See, e.g.*, Motion for Pretrial Detention, Doc. #3, PAGEID 20 (Government claiming that Defendant was being charged with a "felony that was committed after the [d]efendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A-C) or comparable state or local offenses.")). As to the "nature and

circumstances of the offense[,]" 18 U.S.C. § 3553(a)(1), Defendant was convicted in this Court of a violent felony, one which undermines the trust in a government-regulated institution (*see, e.g.*, Crim. Compl., Doc. #1, PAGEID 7 ("The deposits of Provident Bank are insured by the Federal Deposit Insurance Corporation")), and one in which his co-defendant, with Defendant's full knowledge, brandished a firearm to intimidate bank employees and bystanders. (Plea Agmt., Doc. #27, PAGEID 85).

There are several cases in which district courts have granted compassionate releases to defendants convicted of bank robbery, even when those defendants had lengthy criminal histories or used a firearm in connection with the robbery. *See, e.g.*, *United States v. Briggs*, 524 F. Supp. 3d 419, 430 (E.D. Pa. 2021); *United States v. Pena*, 459 F. Supp. 3d 544, 547 (S.D.N.Y. 2020); *United States v. McCarthy*, 453 F. Supp. 3d 520, 523 (D. Conn. 2020); *United States v. Williams*, No. 3:04-cr-95/MCR, 2020 WL 1751545, at *4 (N.D. Fla. Apr. 1, 2020). However, in those cases, the defendants had either spent more than a decade in federal custody, *Briggs*, 524 F. Supp. 3d at 430 ("approximately [sixteen] years"); *Williams*, 2020 WL 1751545, *4 ("nearly [sixteen] years"), or had served well over half of their respective federal sentences. *Pena*, 459 F. Supp. 3d at 547 ("He has served approximately two-thirds of his [eighty-four]-month sentence[.]"); *McCarthy*, 453 F. Supp. 3d at 528 ("McCarthy . . . now has only [twenty-six] days until his expected discharge."). That is not the case here. Notably, the judgment in this case pertained only to Defendant's federal

8

conviction; nowhere in the Criminal Complaint (Doc. #1), Indictment (Doc. #14), or Judgment (Doc. #52) is there any mention of the robberies that occurred in Lucas County, Ohio. Thus, apart from the state court sentence being served before the federal sentence, the sixteen years Defendant served in state prison have no relevance to the incarceration from which he presently seeks compassionate release. Defendant did not begin to serve his federal sentence until approximately October 24, 2020, meaning that he has served less than half of his original sentence and barely half of the time he will ultimately serve based on his current release date.[3] For Defendant to be incarcerated for less than four years for a crime of such magnitude would undermine the Court's duties in imposing a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). As Defendant has not met his burden on the "18 U.S.C. § 3553 factors" element, his Motion must be overruled.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion is (Doc. #72) is OVERRULED.

---

[3] While Defendant cites several cases in which district courts have granted compassionate release to defendants who have served less than half of their respective sentences (Doc. #72, PAGEID 303-04), the cases are all unpublished and from outside the territory of the Sixth Circuit; most importantly, none of the cases were decided after September 2020—before the availability of a COVID-19 vaccine. The undersigned is dubious that these cases have even persuasive value at this point.

9

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

July 15, 2024

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT